UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| QUARLES FAMILY REVOCABLE<br>LIVING TRUST, ROGER QUARLES,<br>TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>MIRANDA QUARLES, *et. al.*,<br><br>    Defendants. | Case No. 3:25-cv-00026-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Remand to Franklin Circuit Court filed by Plaintiff Quarles Family Revocable Trust. [R. 5.] For the reasons that follow, the Trust's Motion to Remand **[R. 5]** is **GRANTED**.

**I**

Plaintiff Quarles Family Revocable Trust (the "Trust"), for which Rodger Quarles serves as sole trustee, owns a tract of land located at 1480 Old U.S. 60, Frankfort, Kentucky 40601.[1] [R. 1-3 at 3.] Defendant Miranda Quarles owns an adjacent parcel at 1280 Old U.S. 60, Frankfort, Kentucky 40601, but is a resident of Texas. *Id.* Defendant Eveli Jerabeck, a minor, by and through her guardian Steve Jerabeck, owns a neighboring property at 1405 Old U.S. 60. *Id.* All three parcels share a common boundary line. Defendant Paul Quarles is a resident of Franklin County, Kentucky. *Id.* at 2.

---

[1] The facts recited herein are drawn primarily from the Plaintiff Trust's Complaint filed in Franklin Circuit Court. [R. 1-3.] The Court notes, however, that this action exists within a broader factual context, as it is a companion case to, although not consolidated with, *Miranda Quarles v. Quarles Family Revocable Trust, Rodger Quarles, Trustee*, Case No. 3:25-cv-00020-GFVT. The Court is aware of the overlapping factual allegations and procedural history in both matters.

On November 26, 2024, the Franklin District Court issued an order authorizing the Trust to construct a boundary line fence along the shared property line. *Id.* at 4. Beginning on or about December 18, 2024, a dispute arose between the Trust and Miranda Quarles concerning the location of that boundary. *Id.* For some time prior to the dispute, Miranda Quarles and Paul Quarles allegedly permitted their cattle to enter and graze on the Trust's land, causing damage to the property. *Id.* To determine the precise boundary, the Trust hired Monty Rhody, a local surveyor, to mark the property line. *Id.* The Trust alleges that Paul Quarles then intentionally removed and destroyed survey flags placed by Rhody to demarcate the boundary. *Id.*

On May 5, 2025, the Trust filed suit in Franklin Circuit Court against Miranda Quarles, Paul Quarles, and Eveli Jerabeck. *Id.* at 1. The Complaint asserts claims of trespass, nuisance, and injunctive relief against both Miranda and Paul Quarles, as well as a claim for punitive damages. *Id.* The Trust also seeks to quiet title against Miranda Quarles. *Id.* Jerabeck was named as a defendant solely because her property rights may be affected by the final determination of the disputed boundary line. *Id.* On June 9, 2025, Defendant Miranda Quarles filed a notice of removal in this Court based on diversity jurisdiction claiming that Paul Quarles and Jerabeck were fraudulently joined. [R. 1.] Now, the Trust moves to remand for lack of complete diversity and failure to meet the amount in controversy requirement. [R. 5.] On August 11, 2025, the Court held an evidentiary hearing and heard testimony from both surveyors on the boundary lines and property parcels that are at issue in this case. [R. 14; R. 15.]

**II**

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount

2

in controversy is greater than $75,000 and the litigation is between citizens of different states. *Id.* § 1332(a)(1). To remove a case, a defendant must file a notice of removal within thirty days of receipt of the complaint. *Id.* U.S.C. § 1446(b)(1). In this case, the Plaintiffs dispute the existence of complete diversity and whether the amount in controversy is over $75,000.

A Court considers whether federal jurisdiction existed at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The Complaint on its face does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiff is a resident of Kentucky. [R. 1-3 at 2.] Defendant Miranda Quarles is a resident of Texas. *Id.* Defendants Paul Quarles and Evili Jerabeck are citizens of Kentucky, which potentially precludes complete diversity in this matter. *Id.* Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state, and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

**A**

Despite the Complaint's apparent failure to meet diversity requirements, Defendant Miranda Quarles contends that co-defendants Paul Quarles and Evili Jerabeck were fraudulently

3

joined and that their citizenship should therefore be ignored when determining whether diversity jurisdiction is present. [R. 1 at 2–3.] Federal courts may not exercise diversity jurisdiction under 28 U.S.C. § 1332 unless there is complete diversity between all plaintiffs and all defendants. *Cox ex rel. Dermitt v. Liberty Healthcare Corp.,* 622 F. Supp. 2d 487, 502 (E.D. Ky. 2008) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 (1999)). When a non-diverse party has been named as a defendant, removal is only proper if the removing party can show that the non-diverse party was "fraudulently joined."[2] *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994)). Fraudulent Joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* (quoting *Triggs v John Crump Toyota Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). To succeed in demonstrating fraudulent joinder, the removing party must show that there is no "colorable cause of action" against the non-diverse defendant under applicable state law, even when all disputed issues of fact are construed in the Plaintiff's favor. *Id.* "Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D. Ky. 1996).

Defendant Miranda Quarles, the removing party, bears the burden of proving fraudulent joinder and must "present sufficient evidence that [the Plaintiff] could not have established a cause of action against [Paul Quarles or Evili Jerabeck] under state law." *Coyne*, 183 F.3d at 493. "[T]he defendant bears a heavy burden to prove fraudulent joinder[.]" *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (citing *Travis v. Irby*, 326 F.3d 644,

---

[2] "Despite its name, fraudulent joinder does not require any showing of improper motive or fraud." *Cammack New Liberty, LLC v. Vizterra, LLC*, No. 3:09–15–DCR, 2009 WL 2043568, at *2 (E.D. Ky. July 13, 2009).

4

649 (5th Cir. 2003)). Any contested issues of fact or ambiguities in state law should be construed in the non-removing party's favor. *Id.* at 953; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Indeed, if Plaintiff's claims against either Paul Quarles or Jerabeck have "even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citation omitted).

Here, Defendant Miranda Quarles has not met her "heavy burden" of showing that Defendant Paul Quarles was fraudulently joined. *Walker*, 443 F. App'x at 953. The Complaint alleges that Paul Quarles committed intentional trespass by allowing cattle to enter and graze on the Trust's property, that such trespass constitutes a nuisance, and that injunctive relief is necessary to prevent interference with construction of a boundary fence previously ordered by the Franklin District Court. [R. 1-3 at 4–7.] In her Notice of Removal, Defendant Miranda Quarles references only the fact that the Trust has already brought a trespass claim against Paul Quarles in a separate Franklin District Court action. [R. 1 at 3.] She does not address the nuisance or injunctive relief claims. *Id.* In response, the Trust asserts that the Franklin District Court lacks jurisdiction over claims seeking injunctive relief or asserting nuisance, and that its jurisdiction is also limited to cases where the amount in controversy does not exceed $5,000. [R. 5 at 5.] Accordingly, the Trust contends it was required to file the broader set of claims, including for damages exceeding $5,000, in Circuit Court. *Id.*

In Kentucky, a person trespasses if he or she "enters or remains upon land in the possession of another without the possessor's consent." *Bradford v. Clifton,* 379 S.W.2d 249, 250 (Ky.1964); *see also Carbide & Chems. Corp.,* 226 S.W.3d at 54. "Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant

5

committed a negligent trespass." *Rockwell Int'l Corp. v. Wilhite,* 143 S.W.3d 604, 619 (Ky.Ct.App.2003). In Kentucky, "a trespass only occurs when an object or thing enters a person's property and *interferes with his or her possession or control.*" *Brockman v. Barton Brands, Ltd.,* 2009 WL 4252914 at *5 (W.D.Ky. Nov. 25, 2009) (emphasis added) (citing *Bartman v. Shobe,* 353 S.W.2d 550, 555 (Ky.1962) (Trespass is "more visible and tangible" than a nuisance)). Here, the Trust alleges that cattle owned or controlled by Paul and Miranda Quarles repeatedly entered and grazed upon the Trust's property, causing damage to the grassland, reducing the property's value, and resulting in lost revenue. [R. 1-3 at 4.] These allegations go directly to an interference with possession and control and, if accepted as true, are sufficient to support a colorable claim for trespass under Kentucky law.

The fact that the Trust has previously asserted a separate trespass claim against Paul Quarles in a different state court proceeding does not, without more, establish fraudulent joinder. Defendant Miranda Quarles has failed to present sufficient evidence to satisfy the demanding standard for fraudulent joinder. To carry her burden, she was required to assert with particularity that Paul Quarles was fraudulently joined by clear and convincing evidence. *Parker*, 914 F. Supp. at 159. But her Notice of Removal merely asserts, in conclusory fashion, that the trespass dispute is already pending in another case and offers no analysis or argument demonstrating why that forecloses the current claims. Indeed, the Trust's arguments detailing the limitations of the existing state district court proceeding are well taken.

Because the Trust's claims against Paul Quarles carry at least "a glimmer of hope, there is no fraudulent joinder."[3] *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597 (citation omitted);

---

[3] In the interest of expediency, the Court will not dwell on Jerabeck's role in this lawsuit. Nevertheless, having heard evidence and testimony on the issue, it is convinced that Jerabeck, like Paul Quarles, was not fraudulently joined as her property is implicated by the boundary line dispute at issue in this case. The Court necessarily provides further explanation on Jerabeck's role in the dispute in its forthcoming

*Cole*, 728 F. Supp. at 1307 ("'Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.'" (quoting *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967))). Therefore, the Court agrees with the Trust that the case should be remanded for lack of complete diversity.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Quarles Family Revocable Trust's Motion to Remand **[R. 5]** is **GRANTED**;

2. All pending motions are **DENIED AS MOOT**; and

3. This matter is **REMANDED** to Franklin Circuit Court for all future proceedings.

This the 9th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge

---

order on the Trust's Motion to Dismiss in 3:25-cv-00020-GFVT.